JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHRISTINA M. McCALL (CABN 234139)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, CA 94612
   Telephone: (510) 637-3717
   Facsimile: (501) 637-3724
   E-Mail: christina.mccall@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0351 PJH (LB) |
|    Plaintiff, ) | |
|  ) | [~~PROPOSED~~] DETENTION ORDER |
|    v. ) | |
| TERYLL CHAPLIN, ) | |
|    Defendant. ) | |

     Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court finds that, at this time, no condition or combination of conditions in section 3142(c) will reasonably assure Defendant's appearance in court and the safety of any other person or the community. Probable cause exists to believe that the defendant, Teryll Chaplin, committed the offense of escape from serving a custodial sentence, in violation of 18 U.S.C. § 751.

     Defendant was serving a custodial sentence in case CR 04-0043 SI when he absconded from the community corrections facility without permission, although Defendant self-

DETENTION ORDER
(CR 10-0351 PJH (LB))

surrendered within 92 hours of his escape, which has the effect of reducing the offense level under the Sentencing Guidelines. The information contained in the Presentence Report from case CR 04-0043 SI, combined with the nature of this offense, the Pretrial Services' bail study and the government's proffer of facts, convince this Court that for the time being Defendant should be detained pending trial in this case.

This Court is concerned that Defendant chose to abscond from serving his custodial sentence, when he had only a few weeks remaining on the sentence. The Court is also concerned that Defendant absconded twice from a community corrections center while on pretrial supervision in the 2004 case, and had at least one prior period of unaccountability in the months he recently spent at Cornell Corrections. Defendant's criminal record shows a flight from pursuing law enforcement officers, and some failures to appear for court cases, as well as two findings of escape from juvenile detention facilities. Without verification of information provided to Pretrial Services or approved sureties, the Court cannot set conditions of release that would ensure future court appearances.

The Court detains Defendant as a flight risk. The Court orders Defendant committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

Time is ordered excluded under 18 U.S.C. 3161(h)(7)(A) and (B)(iv) until June 9, 2010 to provide for continuity of counsel, in the interests of justice.

IT IS SO ORDERED.

DATED: May 25, 2010

LAUREL BEELER
United States Magistrate Judge

DETENTION ORDER
(CR 10-0351 PJH (LB))                2